IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-402-RJC

| | |
|---|---|
| JASON BAGNOLI, | ) |
|       Plaintiff, | ) |
| v. | ) |
| AVERY COUNTY SHERIFF'S DEPT.; KEVIN FRYE, AVERY COUNTY SHERIFF; TRINA COOK, AVERY COUNTY JAIL ADMINISTRATOR; MELISSA GREENE, AVERY COUNTY JAIL SUPERVISOR, | ) **ORDER** |
|       Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983.

## I.   BACKGROUND

At the time he filed this pro se complaint, Plaintiff was housed in the Avery County Jail within the Western District. Plaintiff alleges that over a four-month period of time, sometime in the fall of 2012, one or more defendants refused to accommodate his dietary needs. In particular, Plaintiff contends that one or more defendants were aware that he was allergic to fish yet they failed to provide him with an alternative to fish on the one or two nights a week it was served. (Doc. No. 1 at 6). Plaintiff states that he complained to one or more defendants and, in retaliation, Plaintiff's privileges were limited and he was removed from general population. In

1

his claim for relief, Plaintiff seeks a court order which would enjoin the defendants to provide him "with a meal free of foods he is allergic to." (Id. at 4).[1]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) & (b)(2). Upon review, the court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff does not set forth precisely what federal law he contends is being violated by one or more of the defendants, but the Court does note that Plaintiff contends the collective defendants have "subjected [Plaintiff] to conditions of confinement which are both cruel and unusual, and intentionally inflict extreme emotional and physical distress upon [Plaintiff] by refusing" to provide him with alternative foods to which he is not allergic. (Doc. No. 1 at 6).

---

[1] Plaintiff has informed this Court that he is no longer in the custody in the Avery County Jail as he has been sentenced in State court and transferred to the custody of the North Carolina Department of Public Safety. (Doc. No. 7).

The conditions of confinement of a pretrial detainee are generally evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In order to establish that the conditions of confinement support a finding of a constitutional violation, a plaintiff bears the burden of demonstrating that the conditions resulted "in the denial of the minimal civilized measures of life's necessities," and that prison officials expressed deliberate indifference to the plaintiff's health or safety needs. Farmer v. Brennan, 511 U.S. 825, 834 (1980). Plaintiff's complaint will be dismissed for two reasons. First, Plaintiff cannot demonstrate that any of the defendants have endangered his life by serving fish twice a week to other prisoners. Plaintiff is clearly aware that fish is being served therefore he fails to show that he was subject to unwitting allergic reactions. Second, Plaintiff cannot demonstrate through his allegations before this Court that he was denied a meal at all on those nights in which fish was served.

While given the opportunity to do so through his complaint or through his administrative remedy statement, (Doc. No. 6), Plaintiff has failed to allege sufficient facts to support this federal claim. For instance, Plaintiff does not contend that he was deprived of all food—vegetables, bread, fruit, eggs, meat—during this time that fish was served on those one or two days a week. Plaintiff appears to only urge that he was dissatisfied with the prospect of perhaps not getting as much as he wanted to eat on the night fish was served. However, the constitution "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The constitution only requires "that inmates receive adequate food [and that prison officials] 'must take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).

Plaintiff's conclusory allegation that the failure to provide him with a substitute for fish

on these nights is "cruel and unusual" or subjected him to "extreme emotional and physical distress" is without merit. Finally, the Court finds that Plaintiff's contention that his federal rights were violated by being removed from general population is moot in light of his transfer into State custody. In any event, Plaintiff has failed to allege sufficient facts for this Court to conduct a meaningful review under Section 1915A(a) because he does not discuss the facts or duration surrounding this segregation other than to say in a conclusory manner that his complaints resulted in segregation.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff's complaint against the Defendants must be dismissed for failure to state a claim. § 1915A(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim. (Doc. No. 1).

The Clerk of Court is directed to close this case.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge